UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT MATHEWS,<br><br>        Plaintiff,<br><br>    v.<br><br>S. THOMAS, et al.,<br><br>        Defendants. | No. 2:16-cv-2834 WBS AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.; Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.     Complaint

The complaint names licensed vocational nurse Thomas and correctional officers Oldham, Lea, Richards, Rana, Moreira, Badill, and DeSouza as defendants. ECF No. 1 at 3. Plaintiff alleges that on August 8, 2015, he submitted a grievance against Thomas for giving him a medication that had not been prescribed to him. Id. at 4. When Oldham mentioned to Thomas that the medicine being provided was not for plaintiff, Thomas replied that "it's okay." Id. Two days after submitting the appeal, plaintiff "had a reaction, due to [his] Fibroses condition (LUNG DISEASE)." Id.

Approximately two months later, plaintiff filled out a medical refill request for his medication (Atrovent) in front of Thomas. Id. at 5. Two days later, plaintiff told Oldham to ask Thomas about his inhaler, and that was when he became aware of a medical document with Thomas' signature on it that had a line drawn through Atrovent and the medication Dulera written in. Id. He alleges that Thomas intentionally withheld his prescribed medication, attempted to give him a non-prescribed medication, and then attempted to cover up the act. Id.

With respect to the other defendants, plaintiff alleges that on November 16, 2015, Richards admitted to "turning the hot water up in cell 130," which caused plaintiff and some of his property to get wet. Id. at 6. Rana allegedly accessed plaintiff's C-File with the intent to cause harm to plaintiff by revealing the contents. Id. at 7. Lea allegedly "instructed co-defendant

Badill on how to have [plaintiff] touch him an[d] get a staff assault." Id. at 6.

Plaintiff also alleges that each defendant subjected him to a "prolong[ed] and constant pattern of harassment and retaliatory conduct for the protected conduct of redress within CDCR administrative appeal process at California Medical Facility on 8-8-2015" and entered into an agreement on November 16, 2015, to not help plaintiff even if he had a problem breathing. Id. at 5-8. He separately alleges that each defendant, other than Thomas, subjected him to a pattern of harassment and retaliatory conduct, as well as concealing evidence and presenting false testimony, and interfering with plaintiff's exercise of his constitutional rights. Id. at 5-8. Defendants also "willingly contributed to the destructive conduct by preventing the protected conduct of redress within the Administrative Appeal process to cease the misconduct," and violated their duties to protect plaintiff from harm and to report the violations, misconduct, and mistreatment. Id.

IV. Failure to State a Claim

A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to

4

establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Plaintiff alleges that on August 8, 2015, he submitted a grievance about defendant Thomas giving him medication from the pill cart that was not prescribed, and that two days later he had an unspecified reaction. ECF No. 1 at 4. It is unclear whether Thomas' actions were intentional, because the complaint does not specify whether she distributed the medication after disregarding the warning from Oldham that the medication was not assigned to plaintiff or whether the warning came after the medication had already been taken. It is also unclear if plaintiff is alleging that the medication provided by Thomas caused the reaction, in part because the facts do not state whether the incident occurred on the same date that plaintiff submitted the grievance or on some earlier date. Therefore, plaintiff has failed to state a claim for deliberate indifference against Thomas. Should plaintiff choose to amend, he should clarify whether Thomas intentionally gave him the wrong medication; how she knew that the medication she gave him was dangerous to him; whether his reaction was the result of taking the wrong medication; and what his reaction was.

Plaintiff also alleges that Thomas intentionally withheld his prescribed medication and refused to refill his medication after he submitted a medical refill request. Id. at 5. He claims he became aware that defendant Thomas intentionally replaced his prescribed medication with a different medication. Id. However, he does not allege that any harm occurred as a result of Thomas' attempt to change his prescription. Therefore, plaintiff fails to state a claim for deliberate indifference against Thomas. Because plaintiff could potentially provide additional

////

5

facts that show he suffered harm because his medication was changed, he will be given leave to amend.

### B. Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. However, mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Furthermore, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff must show that defendant was involved in or knowledgeable of the claimed constitutional violations. May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Plaintiff's general allegations that defendants Oldham, Lea, Richards, Rana, Moreira, Badill, and DeSouza each owed a duty "to protect him from harm, and report the violation, misconduct and mistreatment," fail to state claims for relief. ECF No. 1 at 5-9. He does not allege that any of the named defendants were subjectively aware of any threat or risk of serious harm, nor does he include any facts that state the harm from which he required protection. Accordingly, plaintiff will be given leave to amend to include facts to show that any of the defendants had knowledge of the substantial risk of serious harm and disregarded that risk.

To the extent that plaintiff's allegation that Oldham was aware that Thomas gave him medication that was not assigned to him (id. at 4) was intended as a claim that Oldham failed to protect him, plaintiff still fails to state a claim. He does not allege facts that demonstrate that Oldham was aware that there was a substantial risk of serious harm, and although Oldham indicated to Thomas that plaintiff was given the wrong medication, Thomas stated that the medication was okay to give to him. Plaintiff identifies Oldham as a correctional officer, not a medical professional, and there are no facts to suggest that she did not believe Thomas, an LVN and member of the prison medical staff. Therefore, plaintiff has failed to state a claim against defendant Oldham and the claim will be dismissed with leave to amend.

C. Conspiracy

A conspiracy claim brought under § 1983 requires a showing of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc)), and that an "'actual deprivation of his constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." United Steelworkers, 865 F.2d at 1541 (citation omitted). Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. Woodrum, 866 F.2d at 1126; Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

Plaintiff alleges that each defendant entered into an agreement, referred to by plaintiff as the "11-16-15 agreement," to not assist him if he had trouble breathing and that the agreement was Lea's idea. ECF No. 1 at 6-8. Further, he alleges that Lea "demonstrated a[n] ability to

7

coordinate interfer[]ence and rec[r]uitment to carry out these interferences." Id. at 6. However, plaintiff provides no further details and for the remainder of the defendants he merely states that each entered into an agreement not to help him if he had trouble breathing. Accordingly, plaintiff fails to demonstrate how each defendant was involved in the conspiracy or that the defendants had knowledge of and took part in the conspiracy to deny him of a constitutional right. He also fails to provide details about any incident where an actual deprivation of his constitutional rights resulted from the alleged agreement to not assist him if he had trouble breathing. Accordingly, these allegations fail to state a claim for conspiracy or for a violation of plaintiff's Eighth Amendment rights and will be dismissed with leave to amend. If plaintiff chooses to amend the complaint, he should allege additional facts describing the incident that resulted in the deprivation of his rights and showing that the deprivation was the result of a conspiracy.

Plaintiff also alleges that defendant Lea "showed and instructed" defendant Badill on how to "get a staff assault" against him by having him touch Badill. ECF No. 1 at 6. He appears to be alleging that Lea instructed Badill on how to engineer a justified use of force against him. However, plaintiff fails to allege any facts that show that either defendant used force against him, justifiably or otherwise, so there is no indication that plaintiff's rights were actually violated. He must allege facts that show that his rights were actually violated by defendants Lea and Badill as a result of the conspiracy. As with plaintiff's other claim for conspiracy, he has failed to state a claim both for conspiracy and for a violation of his Eighth Amendment rights and he will be granted leave to amend.

D. Retaliation

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation

claim, plaintiff "need not establish an independent constitutional interest" was violated); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns.").

Plaintiff asserts that defendants engaged in "harassment and retaliatory conduct" and "prevented the protected conduct of redress within the administrative appeal process to cease the misconduct." ECF No. 1. However, he does not identify the nature of the retaliation by the defendants other than the conclusory statement that all defendants engaged in retaliatory conduct. Further, it is unclear whether he is alleging that the protected conduct was his pursuit of a grievance, or if the defendants interfered with the grievance process as a form of retaliation either for the filing of the grievance or for some other conduct. The claims will therefore be dismissed and he will be given an opportunity to amend the complaint. If plaintiff chooses to amend, he should allege additional facts that clearly indicate what the protected conduct was and how defendants retaliated against him.

E. Accessing C-File

Plaintiff claims that defendant Rana used his authority under "color of state law to access [his] C-file with evil intent," and that he caused harm by revealing the content. ECF No. 1 at 7. It appears that plaintiff may be claiming that the act was retaliatory in nature, an act of deliberate indifference, or both. Regardless, he does not specify what protected conduct he engaged in that prompted the retaliation. Nor does he detail what information was accessed from the C-file, how that information was used, who Rana revealed the information to, or how it caused him harm. As a result, he fails to state a claim for either retaliation or deliberate indifference. Since plaintiff could potentially allege additional facts that would state a retaliation or deliberate indifference claim, he will be given an opportunity to amend the complaint. Because it is unclear what claim is alleged, plaintiff should incorporate additional facts to provide the court with more clarity about how the actions involving the C-file deprived him of a constitutional right.

F. Property Claim

Plaintiff claims that defendant Richards admitted to turning up the hot water in cell 130, causing plaintiff and some of plaintiff's property to get wet. ECF No. 1 at 6. Although he makes

9

a general claim of retaliation against Richards, it is not clear that he is alleging this act was taken in retaliation of a constitutionally protected act, nor does he describe how the damage to property deterred the exercise of his First Amendment rights. Because plaintiff could potentially allege additional facts that could state a claim for retaliation, he will be given the opportunity to amend the complaint.

G. Unspecified Claims

To state a claim for a deprivation of constitutional rights, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Plaintiff alleges that defendant Oldham participated in "covering, concealing, and presenting false testimony, depriving [sic] and interfering with the plaintiff redress, civil and constitutional rights," and that she "willingly contributed to the destructive conduct by preventing the protected conduct of redress within the Administrative Appeal process to cease the misconduct." ECF No. 1 at 5. He makes identical allegations against defendants Lea, Richards, Rana, Moreira, Badill, and DeSouza. Id. at 6-8. It is unclear which constitutional rights plaintiff is claiming were violated because he does not include facts to support the claims and makes only conclusory allegations of potential retaliation, due process violations, conspiracy, and the denial of access to the courts. Therefore, plaintiff has not stated a claim alleging a violation of constitutional rights. He will be granted leave to amend to include additional facts that allege violations of specific constitutional rights and provide facts describing the defendants' involvement in those constitutional violations.

V. Leave to Amend

For the reasons set forth above, the complaint will be dismissed with leave to amend. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold, 637 F.2d at 1355. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id. (quoting Johnson, 588 F.2d at 743-44). Furthermore, "[v]ague and

10

conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you alleged are not enough to state any claims for relief for a violation of your constitutional rights. To pursue deliberate indifference claims, you must provide facts showing that defendants ignored a risk to your safety and that you suffered some harm as a result of their actions. The failure to protect claims require facts showing that the defendants ignored a threat or risk of serious harm to you.

Your conspiracy claims are being dismissed because you have not stated facts that show the defendants agreed to violate your constitutional rights, and you have not alleged facts showing that a constitutional right was actually violated.

Your retaliation claims fail because you have not stated what protected conduct defendants retaliated against you for ,and you have not specified what the defendants did to retaliate against you for engaging in that protected conduct. The claim made against defendant Rana for accessing your C-file does not state a claim because you have not given facts to show that Rana's action was retaliatory or that it put you at risk of harm. Your property claim is being

dismissed because you have not alleged that defendant Richards damaged your property in retaliation of a constitutionally protected act and you do not explain how the property damage deterred you from exercising your rights.

Your general claims that your rights have been violated are dismissed because it is unclear which constitutional rights you believe were violated and you have not stated specifically what the defendants did to violate your rights.

If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, because the court will not look at the claims or information in the original complaint. **Any claims or information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements for the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////
////
////
////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 25, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE